### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

**-vs-**                                   **Case No.  6:11-cv-1186-Orl-28GJK**

**DIRECT BENEFITS GROUP, LLC,**
        **a Wyoming limited liability company,**
        **also d/b/a Direct Benefits Online and**
        **Unified Savings;**
**VOICE NET GLOBAL, LLC,**
        **a Wyoming limited liability company,**
        **also d/b/a Thrifty Dial;**
**SOLID CORE SOLUTIONS, INC.,**
        **a Utah corporation;**
**WKMS, INC.,**
        **a Utah corporation;**
**KYLE WOOD, individually and as owner,**
        **officer, or manager of Direct Benefits**
        **Group, LLC and WKMS, Inc.; and**
**MARK BERRY, individually and as owner,**
        **officer, or manager of Voice Net Global,**
        **LLC and Solid Core Solutions, Inc.;**

        **Defendants.**
_____

### ORDER and PRELIMINARY INJUNCTION

Plaintiff Federal Trade Commission ("FTC" or "the Commission"), pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has

filed a Complaint for a Permanent Injunction and Other Equitable Relief ("the

Complaint"), including consumer redress, and has moved for a preliminary injunction

pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.  (See Docs. 4 & 51).

The Court previously entered a Temporary Restraining Order (Doc. 15), which is set to

expire at 11:59 p.m. today unless dissolved or extended, and on August 18, 2011, the

Court heard argument on the FTC's request for a preliminary injunction.  As set forth

below, that request is **GRANTED** and this preliminary injunction, upon its filing,

supersedes the Temporary Restraining Order.

### FINDINGS AND CONCLUSIONS

"A district court may grant injunctive relief only if the moving party shows that:

(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be

suffered unless the injunction issues; (3) the threatened injury to the movant outweighs

whatever damage the proposed injunction may cause the opposing party; and (4) if

issued, the injunction would not be adverse to the public interest."  Siegel v. LePore,

234 F.3d 1163, 1176 (11th Cir. 2000).  The Court, having considered the Complaint, the

Commission's Motion for a Temporary Restraining Order with Ancillary Equitable Relief

and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted and

Memorandum in Support of the Motion (Doc. 4), the declarations and exhibits submitted

by the parties, and argument of counsel, and being otherwise advised, finds as follows:

1.      This Court has jurisdiction over the subject matter of this case, there is good

cause to believe that it has jurisdiction over all parties hereto, and no objection to

personal jurisdiction has been made by any party;

2.      There is good cause to believe that venue lies properly in this Court, and no

objection to venue has been made by any party;

3.      There is good cause to believe that Defendants Direct Benefits Group, LLC, Voice Net Global, LLC, Solid Core Solutions, Inc., WKMS, Inc., Kyle Wood, and Mark Berry (collectively, "Defendants"), have engaged in acts and practices that violate Section 5(a) of the Federal Trade Commission Act;

4.      There is good cause to believe that the Commission is substantially likely to prevail on the merits of this action.  The evidence set forth in the Commission's Memorandum in Support of its *Ex Parte* Motion ("Memorandum") and the declarations and exhibits submitted demonstrate that Defendants have engaged in unfair and deceptive acts or practices in violation of Section 5 of the FTC Act by acquiring consumers' bank account information when those consumers apply for payday loans online and then, without meaningful notice to or assent by the consumers, enrolling consumers in Defendants' financial programs and debiting those consumers' bank accounts in the amount of the fee for those programs.  Although Defendants assert that they have discontinued the practices at issue in this case, the court-appointed Receiver reports that the Defendants have the capability of reinstituting the practices at any time. Thus, there is good cause to believe that Defendants could easily continue such illegal actions if not restrained from doing so by Order of this Court, and to the extent they do not intend to do so they are not harmed by being enjoined from such conduct;

5.      There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers, including monetary restitution,

rescission, or refunds, will occur from the sale, transfer, or other disposition by Defendants of their Assets and company records, or those Assets and company records under their control, unless Defendants are restrained and enjoined by Order of this Court.  There is thus good cause for continuation of the asset freeze.  However, the Court will consider lifting or modifying the asset freeze, upon motion of a party or of the Receiver, if it becomes apparent that such freeze is no longer necessary to protect consumers or for other good cause shown;

6.      There is good cause for appointing a Permanent Receiver for Defendants Direct Benefits Group, LLC, Voice Net Global, LLC, Solid Core Solutions, Inc., and WKMS, Inc.;

7.      Weighing the equities and considering the Commission's likelihood of ultimate success on the merits, a Preliminary Injunction with asset freeze and other equitable relief is in the public interest;

8.      There is good cause for issuing this Preliminary Injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure; and

9.      The FTC is an independent agency of the United States of America.  No security is required of any agency of the United States for the issuance of a Preliminary Injunction.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Preliminary Injunction, the following definitions apply:

1.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any and

all real and personal property of Defendants, or held for the benefit of Defendants, including but not limited to chattel, goods, real estate, instruments, equipment, fixtures, general intangibles, effects, leaseholds, inventory, checks, notes, accounts, credits, receivables, shares of stock, contracts, and all cash and currency, or other assets, or any interest therein, wherever located.

2.      **"Defendants"** means Defendants Direct Benefits Group, LLC, Voice Net Global, LLC, Solid Core Solutions, Inc., WKMS, Inc., Kyle Wood, and Mark Berry.

3.      **"Document"** is synonymous in meaning and equal in scope to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a)(1)(A).

4.      **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

5.      **"Receivership Defendants"** means Direct Benefits Group, LLC, Voice Net Global, LLC, Solid Core Solutions, Inc., WKMS, Inc., and their subsidiaries, affiliates, divisions, successors, and assigns, and includes fictitious names under which they do business, including but not limited to Direct Benefits Online, Unified Savings, and Thrifty Dial.

6.      **"Receiver"** means the Receiver appointed in Section VII of this Order.  The term "Receiver" also includes any deputy receivers or agents as may be named by the Receiver.

### I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that, in connection with the advertising,

marketing, promotion, offering for sale, or sale of any products, goods, or services, Defendants and their successors, assigns, officers, agents, servants, employees, or attorneys, and any person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are **hereby restrained and enjoined** from:

A.  Obtaining consumers' bank account information and other personally identifiable information or debiting those accounts without consumers' express informed consent;

B.  Failing to disclose or disclose adequately that Defendants will charge consumers when consumers apply for a payday loan or other good or service advertised, promoted, offered for sale, or sold by Defendants; and

C.  Making, or assisting others in the making of, expressly or by implication, any material misrepresentations, including but not limited to:

   1.  That Defendants will use consumers' authorizations to consider consumers' payday loan applications or provide payday loans; or

   2.  That consumers agreed:

      a.  to enroll in Defendants' programs or alleged programs; or

      b.  to pay charges associated with Defendants' programs or alleged programs.

**II. ASSET FREEZE**

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from directly or indirectly:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are:

1.    owned or controlled, directly or indirectly, by any Defendant(s), in whole or in part, or held, in whole or in part for the benefit of any Defendant(s);

2.    in the actual or constructive possession of any Defendant(s);

3.    owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant(s), including, but not limited to, any assets of Direct Benefits Group, LLC, Voice Net Global, LLC, Solid Core Solutions, Inc., WKMS, Inc., or any other entity acting under a fictitious name owned by or controlled by any Defendant(s), and any assets held by, for, or under the name of any Defendant(s) at any bank, savings and loan institution, or bank of any Defendant(s), or with

any broker-dealer, escrow agent, title company, commodity trading company, payment processing company, precious metal dealer, or other financial institution or depository of any kind;

B.    Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant(s), or subject to access by any Defendant(s);

C.    Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendant(s);

D.    Obtaining a personal or secured loan;

E.    Incurring liens or encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendant(s); and

F.    Cashing any checks from consumers, clients, or customers of any Defendant(s).

*Provided*, that the assets affected by this Section shall include: (1) all assets of Defendants as of the time this Order is entered; and (2) for assets obtained after the time this Order is entered, those assets of Defendants that are derived, directly or indirectly, from the Defendants' activities related to the marketing and sale of payday loans, payday loan application services, or any other programs as described in the Commission's Complaint.

This Section does not prohibit transfers to the Receiver, as specifically required in Section X (Delivery of Receivership Property), nor does it prohibit the repatriation of foreign assets, as specifically required in Section V (Repatriation of Foreign Assets) of

this Order.

## III. FINANCIAL REPORTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant shall:

A.   Prepare and serve on counsel for the FTC and the Receiver, within fourteen (14) business days after service of this Order, to the extent not already submitted, completed financial statements fully disclosing the Defendants' finances and those of all corporations, limited liability companies, partnerships, trusts or other entities that each Defendant owns, controls, or is associated with in any capacity, jointly or individually, on the forms that were attached to the TRO, accurate as of the date of service of this Order upon Defendants;

B.   Prepare and serve on counsel for the FTC and the Receiver, within fourteen (14) business days after service of this Order, to the extent not already submitted, copies of signed and completed federal and state income tax forms, including all schedules and attachments, for the three most recent filing years; and

C.   Provide copies of such other financial statements as the Receiver or the FTC may request in order to monitor Defendants' compliance with the provisions of this Order.

## IV.   RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution or

depository, escrow agent, title company, commodity trading company, payment processing company, trust, entity, or person that: (1) holds, controls, or maintains custody of any account or asset owned or controlled by any Defendant(s); (2) holds, controls, or maintains custody of any asset associated with credit or debit card charges, electronic fund transfers, or remotely created checks made by, or on behalf of, any Defendant(s) or any other entity owned or controlled by any Defendant(s); or (3) has held, controlled, or maintained any account or asset of, or on behalf of, any Defendant(s) at any time since January 1, 2009, upon service with a copy of this Order, shall:

A.  Hold and retain, or continue to hold and retain, within its control and prohibit Defendants or any other person or entity with control over such assets from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any such assets, funds, or other property, except:

   1.  As directed by further order of the Court; or

   2.  As directed in writing by the Receiver (regarding assets held in the name or for the benefit of Receivership Defendants).

B.  Deny the Defendants access to any safe deposit box titled in the name of any Defendant(s), individually or jointly, or subject to access by any Defendant(s), whether directly or indirectly.

C.  Provide counsel for the FTC and the Receiver, within fourteen (14)

business days after being served with a copy of this Order, to the extent not already provided, a certified statement setting forth:

1.    The identification number of each such account or asset titled: (1) in the name, individually or jointly, of any Defendant(s); (2) held on behalf of, or for the benefit of, any Defendant(s); (3) owned or controlled by any Defendant(s); or (4) otherwise subject to access by any Defendant(s), directly or indirectly;

2.    The balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

3.    The identification of any safe deposit box that is either titled in the name of any Defendant(s), or is otherwise subject to access by any Defendant(s); and

4.    If an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance of any account or value of any asset on such date, and the manner in which such account or asset was closed or removed.

D.     Provide counsel for the FTC and the Receiver, within fourteen (14) business days after being served with a request, to the extent not already provided, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

E.     Cooperate with all reasonable requests of the Receiver relating to this Order's implementation.

## V.  REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within fourteen (14) business days following the service of this Order, to the extent not already provided or undertaken, each Defendant shall:

A.     Provide counsel for the FTC and the Receiver with a full accounting of all funds and assets outside of the territory of the United States which are held either: (1) by Defendant(s); (2) for the benefit of any Defendant(s); or (3) under direct or indirect control, individually or jointly, of any Defendant(s);

B.     Transfer to the territory of the United States all such funds and assets in

foreign countries; and

C.      Hold and retain all repatriated funds and assets, and prevent any disposition, transfer, or dissipation whatsoever of any such assets or funds, except as required by this Order.

## VI.  NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section V of this Order, including but not limited to:

A.      Sending any statement, letter, fax, e-mail, or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section V of this Order; and

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that

repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section V of this Order.

## VII.  APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Brian McDowell—previously appointed as Temporary Receiver in this cause—is hereby permanently appointed Receiver for the Receivership Defendants, and any affiliates or subsidiaries thereof controlled by any Receivership Defendant, with the full power of an equity Receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.  The Receiver shall comply with all local rules and laws governing federal equity receivers.

## VIII.  COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall fully cooperate with and assist the Receiver.  Defendants' cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any login and password required to access any computer or electronic files or information in any medium; and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver. Defendants are hereby restrained and enjoined from directly or indirectly:

A.     Transacting any of the business of the Receivership Defendants;

B.     Excusing debts owed to the Receivership Defendants;

C.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants;

D.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

E.    Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets; or

F.    Doing any act or thing whatsoever to interfere with the Receiver's taking and keeping custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court.

This Section does not prohibit transfers to the Receiver, as specifically required

in Section X (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section V (Repatriation of Foreign Assets) of this Order.

## IX.  DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.     Continue full control of the Receivership Defendants by, if not already accomplished, removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of the Receivership Defendants, including Defendants Kyle Wood and Mark Berry, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.     Continue exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Receiver shall have full power to collect and divert mail and to sue for, collect, receive, take possession of, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants;

C.     Take all steps necessary, to the extent not already done so, to secure the

business premises of the Receivership Defendants;

D.     Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers, including, but not limited to, obtaining an accounting of the assets and preventing the transfer, withdrawal, or misapplication of assets;

E.     Enter into contracts and purchase insurance as advisable or necessary;

F.     Prevent the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with one or more Receivership Defendants;

G.     Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

H.     Choose, engage, and employ attorneys, accountants, appraisers, investigators, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities;

I.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for

prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

J.   Collect any money due or owing to the Receivership Defendants;

K.   Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or to carry out the Receiver's mandate under this Order;

L.   Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted against the Receivership Defendants or the Receiver that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or to carry out the Receiver's mandate under this Order;

M.   Continue and conduct the businesses of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably, using the assets of the receivership estate, and lawfully, if at all;

N.   Take depositions and issue subpoenas to obtain documents and records

pertaining to the receivership and compliance with this Order.  Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

O.      Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account; and

P.      Maintain accurate records of all receipts and expenditures made by the Receiver.

## X.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them, the Defendants, including the Receivership Defendants, shall forthwith or within such time as permitted by the Receiver in writing, deliver to the Receiver, to the extent not already done so, possession and custody of:

A.      All funds, assets, and property of the Receivership Defendants, whether situated within or outside the territory of the United States, that are: (1) held by the Receivership Defendants, (2) held for the benefit of the Receivership Defendants, or (3) under the direct or indirect control, individually or jointly, of the Receivership Defendants;

B.      All documents of the Receivership Defendants, including but not limited

to all books and records of assets including funds and property, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), corporate minutes, contracts, customer and consumer lists, title documents, and electronic records;

C.     All funds and other assets belonging to members of the public now held by the Receivership Defendants;

D.     All keys, computer and other passwords, entry codes, combinations to locks required to open or gain access to any of the property or effects, and all monies in any bank deposited to the credit of the Receivership Defendants, wherever situated; and

E.     Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

## XI.   TRANSFER OF FUNDS TO THE RECEIVER BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, payment processing company, or trust shall cooperate with all reasonable requests of counsel for the FTC and the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendants.

## XII.  RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall report to this Court from time to time regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to: (a) prevent any diminution in the value of assets of the Receivership Defendants; (b) pursue receivership assets from third parties; and (c) adjust the liabilities of the Receivership Defendants, if appropriate; and (5) any other matters which the Receiver believes should be brought to the Court's attention.   *Provided,* however, if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XIII.  RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of $ 0.00, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XIV.  COMPENSATION OF THE RECEIVER

**IT IS FURTHER ORDERED** that the Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, shall be entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them from the

assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties a request for the payment of reasonable compensation at the time of the filing of any report required by Section XII.  The Receiver shall not increase the fees or rates used as the bases for such fee applications without prior approval of the Court.

## XV.  ACCESS TO RECORDS

A.      Defendants and all employees or agents of Defendants shall continue to provide the Plaintiff and the Receiver with any necessary means of access to documents and records, including, without limitation, the locations of Defendants' business premises, keys and combinations to locks, computer access codes, and storage area access information.

B.      If any documents, records, property, computers or other electronic data storage devices containing information related to the business practices or finances of the Defendants are at a location other than those listed herein, including but not limited to, the personal residences of the Defendants, then immediately upon service of this Order upon them Defendants shall produce to the Receiver within seven (7) business days all such documents, records, property, computers or other electronic data storage devices.  In order to prevent the destruction of electronic data, upon service of this Order upon Defendants, any computers or other electronic data storage devices containing such information shall be

powered down (turned off), if not already done so,  in the normal course for the operating systems used on such devices and shall not be used until produced for copying and inspection, along with any codes needed for access.

C.      Within seven (7) business days of service of this Order, each Defendant shall produce to the Receiver, to the extent not already provided, a list of all agents, employees, officers, servants and those persons in active concert and participation with them, who have been associated or done business with the Receivership Defendants.

## XVI.  DEFENDANTS' ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that the Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants.  The purpose of this access shall be to inspect, inventory, and copy any documents and other property owned by, or in the possession of, the Receivership Defendants, provided that those documents and property are not removed from the premises without the permission of the Receiver.   The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XVII.  PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this

Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or finances of any Defendant, including, but not limited to, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, recordings, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, and copies of federal, state, or local business or personal income or property tax returns.

## XVIII.  PROHIBITION ON USE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and officers, agents, directors, servants, employees, salespersons, and attorneys of Defendants, as well as all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from using, benefitting from, selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, email address, social security number, credit card number, debit card number, bank account number, any financial account number, or any data that enables access to a customer's

account, or other identifying information of any person which any Defendant obtained prior to entry of this Order in connection with the marketing or sale of any good or service, including those who were contacted or are on a list to be contacted by any of the Defendants; *provided* that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

### XIX.  CREDIT REPORTS

**IT IS FURTHER ORDERED** that the Plaintiff may obtain credit reports concerning any of the Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

### XX.  RECORDKEEPING/BUSINESS OPERATIONS

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from:

A.  Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money;

B.  Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, limited liability company or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the

business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities; and

C.      Affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action without first providing the Commission with a written statement disclosing: (1) the name of the business; (2) the address and telephone number of the business; and (3) a detailed description of the nature of business or employment and the nature of the Defendant's duties and responsibilities in connection with that business or employment.

## XXI.  BANKRUPTCY PETITIONS

**IT IS FURTHER ORDERED** that, in light of the appointment of the Receiver, the Receivership Defendants are hereby prohibited from filing petitions for relief under the U.S. States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XXII.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.      Except by leave of this Court, during the pendency of the Receivership ordered herein, the Receivership Defendants and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right, or interest against or on

behalf of the Receivership Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents, and employees be and are hereby stayed from:

1.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.      Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process, whether specified in this Order or not; or

4.      Doing any act or thing whatsoever to interfere with the Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere

with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant.

B.   This Section does not stay:

1.   The commencement or continuation of a criminal action or proceeding;

2.   The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.   The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.   The issuance to a Receivership Defendant of a notice of tax deficiency.

## XXIII.  SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by first class mail, overnight delivery, facsimile, or personally by employees or agents of the FTC or the Receiver upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

### XXIV.  ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that each Defendant, within three (3) business days of receipt of this Order, must submit to counsel for the FTC a truthful sworn statement acknowledging receipt of this Order.

### XXV.  PROOF OF DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to their agents, servants, employees, consultants, and any affiliated businesses, and other persons and entities subject in any part to their direct or indirect control.  Within seven (7) business days of receipt of this Order, Defendants must submit to counsel for the FTC a truthful sworn statement identifying those persons and entities to whom this Order has been distributed.

### XXVI.  CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on the FTC shall be addressed to:

Harold E. Kirtz
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
Telephone: (404) 656-1357
Fax: (404) 656-1379
Email: hkirtz@ftc.gov

### XXVII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the Court shall continue to retain jurisdiction of this matter for all purposes.

**DONE** and **ORDERED** in Orlando, Florida this 19th day of August, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Receiver