UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                                         Case No: 6:11-cv-1186-Orl-28TBS

DIRECT BENEFITS GROUP, LLC,
VOICE NET GLOBAL, LLC, SOLID
CORE SOLUTIONS, INC., WKMS, INC.,
KYLE WOOD and MARK BERRY,

    Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendants' Amended Motion to Change Venue. (Doc. 158). Upon due consideration of the motion, Plaintiff's response (Doc. 160), relevant statutes, and prevailing case law, the undersigned respectfully recommends that Defendants' request be DENIED.

I. Background

On July 18, 2011, Plaintiff Federal Trade Commission ("FTC") filed an action in federal court against Direct Benefits Group, LLC, Voice Net Global, LLC, Solid Core Solutions, Inc., WKMS, Inc., Kyle Wood and Mark Berry (collectively "Defendants") for violations of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a), as well as

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

injunctive and other equitable relief.[2] (Doc. 1). Plaintiff's claims arise from an alleged scheme employed by Defendants to "debit consumer's bank accounts without their knowledge or consent." (Id. ¶ 14). Plaintiff describes the alleged scheme as follows:

> Consumers seeking payday loans often search online to secure such a loan. In the course of their search, numerous consumers find payday lending websites operated by Defendants, including, but not limited to, citywestfinancial.com, mvoaydayangel.com, paydavoickup.com, juniperloans.com, northcitymutual.com, and mycashpickup.com.
>
> 15. Defendants' websites contain what appear to be online application forms for a payday loan. For example, on mypaydayangel.com, the header advertises "Get cash up to $500 as soon as 1 hour!" and "Easy to Apply - Approved in Minutes - Cash in Your Account." A header for the citywestfinancial.com site simply states: "your payday loan specialists." Apart from the application form itself, the web sites appear focused almost entirely on the payday loan and what information is needed to obtain it. However, Defendants' websites are not online applications for payday loans, but instead are vehicles to collect financial information from consumers. With this information, Defendants enroll consumers into their programs for which they charge membership fees.
>
> 16. To complete the online application, consumers are required to provide personal and financial information, such as their name, social security number, drivers license number, bank routing number, and bank account number. Towards the end of the application, Defendants include an offer for unrelated programs and services, such as the Direct Benefits discount and Voice Net calling programs. In numerous instances, consumers do not notice the offers, much less any disclosures pertaining to such offers.
>
> 17. After filling out what appears to be a payday loan application, consumers are directed to click on a "submit" or "confirm" button to complete the process and submit their application. Thereafter, consumers begin to receive emails from various payday lenders. At the same time, consumers are enrolled unwittingly into one of Defendants' programs.

---

[2] Plaintiff has made allegations of unfair billing practices, failure to disclose, and consumer injury. (Doc. 1 ¶¶ 26-32).

> 18. Defendants have charged consumers various fees for membership in their programs. For example, the Direct Benefits and Voice Net programs were initially offered as continuity plans in which consumers were charged monthly fees ranging from $39.95 to $59.90. However, in or around January 2011, both programs changed their structure to charge an annual fee for the programs ranging from $98.40 to $99.90. In numerous instances, consumers do not recall seeing any offers as part of their online application. Consumers are charged for the programs even when they specifically declined the offer for enrollment.
>
> 19. Having obtained consumers' bank account information from their websites, Defendants send this information to their payment processors, including, but not limited to, Landmark Clearing, Inc., to create and deposit remotely created payment orders ("RCPOs"), which debit consumers' bank accounts as payment for the programs. These RCPOs, which are created and processed electronically, look like pre-authorized bank checks made payable to Direct Benefits or Voice Net, where, in place of the account holder's signature, there is the statement "Authorization on File." Upon receipt, the consumers' bank then processes the RCPOs as if they were ordinary checks.
>
> 20. Consumers typically do not discover that they have been enrolled in one of the Defendants' programs until they see a debit that they do not recognize on their bank statement or until they are contacted by their bank because their accounts are overdrawn as a result of the unanticipated debit.

(Id. ¶¶ 14-20).

On July 19, 2011, the Court appointed a receiver and entered an ex parte temporary restraining order after finding good cause to believe Defendants had engaged in practices that violated the FTC Act and would continue to do so if not restrained by the Court. (Doc. 15 at 2-3). The Court also found "good cause to believe that venue lies properly with [the Middle District of Florida] Court." (Id. at 2).

On August 19, 2011, after conducting a hearing, the Court entered a preliminary injunction order in which it reaffirmed its earlier findings concerning Defendants'

practices. (Doc. 71 at 3). The Court found that Plaintiff was likely to succeed on the merits of its claim and, once again, found that venue was proper in the Middle District of Florida. (Id. at 2-3). The Court also noted that no party had objected to venue. (Id.). The Court subsequently entered a case management and scheduling order and set this case for trial during the October 2012 trial term. (Doc. 97). The parties reached an impasse at mediation (Doc. 127) and Plaintiff moved for summary judgment (Doc. 130).[3]

Defendants initially moved to transfer this case on June 12, 2012 (Doc. 153), however, their motion was denied without prejudice due to their failure to confer with opposing counsel (Doc. 155). On June 21, 2012, Defendants renewed their motion to change venue to the United States District Court for the District of Utah. (Doc. 158). Plaintiff opposes the motion. (Doc. 160).

## II. Discussion

Defendants base their motion on the doctrine of forum non conveniens. (Doc. 158 at 3-5). The United States Supreme Court has established that the harsh rule of dismissal for forum non conveniens is only proper when plaintiff's choice of forum is "so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." Norwood v. Kirkpatrick, 349 U.S. 29, 31 (1955) (quoting All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952)). Since the enactment of the federal venue transfer statute (28 U.S.C. §404(a)), the doctrine of forum non conveniens has primarily been applied in cases where the alternative forum is another country. Image Linen Servs. v. Ecolab, Inc., Case No. 5:09-cv-149-Oc-10GRJ, 2011 U.S. Dist. LEXIS 24420, at *11 n. 5 (M.D. Fla. Mar. 10, 2011) (citing American Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994)). Defendants

---

[3] The summary judgment motion remains pending before the Court.

seek to transfer this action to another federal district court (the United States District Court for the District of Utah); thus, the doctrine of forum non conveniens is inapplicable and the Court will construe Defendants' motion as a motion to transfer the case under 28 U.S.C. §404(a).

It is well established that the decision to transfer a case under Section 1404(a) rests within the sound discretion of the Court.  Steward Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc., 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).  Under 28 U.S.C. § 1404(a), a district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district or division where it might have been brought.

The Eleventh Circuit has established the following factors which must be considered in determining whether a § 1404(a) transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergy's Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citing Gibbs & Hill, Inc. v. Harbert Intn'l, Inc., 745 F. Supp. 993, 996 (S.D.N.Y. 1990)); Watson v. Cmty. Educ. Cntrs. Inc., No. 2:10-CV-00778-36SPC, 2011 WL 3516150, at *2 (M.D. Fla. Aug. 11, 2011).

Courts generally give substantial deference to plaintiff's choice of forum.  Suomen Colorize Oy v. DISH Network, LLC, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011).  This Court considered the venue issue when it granted the ex parte temporary restraining order (Doc. 15 at 2) and preliminary injunction (Doc. 71 at 2-3) and found good cause to

believe venue lies properly in the Middle District of Florida.  In order to transfer this action pursuant to section 1404(a), the Court must find that the "balance of the [Manuel factors] is strongly in favor of the transfer."  Id.; Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir.1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."); In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) ("The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference.").

### Convenience of the Witnesses

The burden is on Defendants to establish that the Utah district court is a more convenient forum.  See In re Ricoh Corp., 870 F.2d at 573.  In the motion, Defendants argue their anticipated witnesses reside "in various other states" and "[a]ny industry experts or technical experts that would be called as a witness all reside in Utah."  (Doc. 158 at 4).  Defendants have not identified any particular witnesses for whom traveling to Florida would be inconvenient, or any expert witnesses who would be unwilling to testify in a trial conducted in this jurisdiction.  Defendants must allege more particularized and compelling facts to justify this Court's disturbance of Plaintiff's choice of forum.  Due to Defendants' failure to satisfy their burden, I find this consideration weighs in favor of Plaintiff.

### Location of Relevant Documents/Relative Ease of Access to Sources of Proof

Defendants contend that all physical evidence ("equipment, servers, and records") they would need to access in preparation for trial "is or was in Utah at the time the complaint was filed."  (Id.).  This general statement does not give the Court any insight into where the documents are currently located.  Defendants also have not indicated whether they have made reasonable efforts to retrieve and make portable the relevant evidence.  And, the court-appointed Receiver (who is located in Orlando, Florida) has

advised the Court that he is in possession of the computer equipment that was once located in Defendants' Utah and Wyoming offices. (Doc. 126 at 3). Thus, this factor appears to weigh in favor of Plaintiff's choice of forum.

### Convenience of the Parties

Again, the burden is on Defendants to establish that the Utah district court is a more convenient forum. See In re Ricoh Corp., 870 F.2d at 573. In support of their motion, Defendants merely state that no defendant is located in Florida and coordination with Florida attorneys has been difficult. (Doc. 158 at 4). Defendants have not established how this perceived inconvenience outweighs the potential inconvenience of Plaintiff's counsel–located in Atlanta, GA–if the case were moved to Utah. Upon due consideration, I find this factor weighs neutrally in the case.

### The Locus of Operative Facts

Generally, venue is proper if the jurisdiction has significant connections with the events that prompted the lawsuit. Brandywine Communs. Techs. v. AT&T Corp., No. 6:12-cv-283-Orl-36DAB, 2012 U.S. Dist. LEXIS 66116, at *14 (M.D. Fla. April 25, 2012), adopted by, 2012 U.S. Dist. LEXIS, 66117 (M.D. Fla. May 11, 2012). Defendants make no averments concerning the location of the operative facts. Plaintiff alleges that "Defendants' website was used by all consumers throughout the United States," and was an internet marketing case in which "the alleged injury occurred wherever a consumer bought a product." (Doc. 160 at 8). Plaintiff further alleges that "[s]ince Defendants chose to transact business with consumers throughout the United States, including Florida, the material events were not limited to Utah." (Id. at 9). Because the "nationwide scope of this case does not establish a locus of facts in any particular forum," I find this factor weighs neutrally in the case. See Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier, 761 F. Supp. 2d 1322, 1329 (M.D. Fla. 2010).

### The Availability of Process to Compel the Attendance of Unwilling Witnesses

Defendants maintain that "if there are unwilling witnesses, at least those that worked as employees of the defendants, would be more willing to testify if the case were located in Utah, since the employees are all located in Utah." (Doc. 158 at 4). The Court is not persuaded by Defendants' argument because it is not supported by evidence of specific witnesses who are unwilling to participate in this case on account of cost or inconvenience. See Trinity Christian Ctr., 761, F. Supp. 2d at 1329 (rejecting plaintiff's argument in this regard because of the failure to present any evidence of a specific witness who was unwilling to participate in the case) (citing Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1362 (S.D. Fla. 2001)). Therefore, this factor weighs neutrally in the case.

### Relative Means of the Parties

Defendants argue that the cost associated with bringing witnesses to trial in Florida is more prohibitive than if the trial were brought in Utah. (Doc. 158 at 4). They also argue that Plaintiff routinely travels to other districts and would not be inconvenienced by travel to Utah. (Id.). The Court is not persuaded by Defendants' argument. Defendants have failed to satisfy their burden and have failed to offer "evidence that they have less of an ability to travel to this district to litigate this action or that the [P]laintiff is in a superior financial position to travel and litigate this action" in the Utah district court. DocRX, Inc. v. Dox Consulting, LLC, 738 F. Supp. 2d 1234, 1257 n. 20 (S.D. Ala. 2010). Accordingly, I find this factor weighs neutrally.

### The Forum's Familiarity with the Governing Law

Defendants make no argument concerning this factor. Plaintiff is suing pursuant to the Federal Trade Commission Act, 15 U.S.C. § 45(a). (Doc. 1). There is nothing in this record that causes this Court to believe Utah law will be applied to any of Defendants'

- 8 -

claims[4] or that the Middle District of Florida court is incapable of applying the FTCA statute to the facts of this case. Upon due consideration, I find this factor weighs neutrally in the case.

<ins>The Weight Accorded to Plaintiff's Choice of Forum</ins>

The Court affords Plaintiff's choice of forum considerable deference and will not transfer this case unless the balance of conveniences outweighs Plaintiff's choice. <ins>See Robinson</ins>, 74 F.3d at 260 ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."); <ins>In re Ricoh Corp.</ins>, 870 F.2d at 573 ("The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference."). As discussed throughout this order, I find the Court's disturbance of Plaintiff's choice of forum is not warranted. Upon due consideration, I find this factor weighs in favor of Plaintiff.

<ins>Trial Efficiency and the Interests of Justice, Based on the Totality of Circumstances</ins>

This Court considered the venue issue when it granted the ex parte temporary restraining order (Doc. 15 at 2) and preliminary injunction (Doc. 71 at 2-3) and found good cause to believe that venue lie properly with the Middle District of Florida court. In order to transfer this action pursuant to section 1404(a), the Court would have to find that a consideration of public and private conveniences balanced in favor of the transfer. It has not.

Defendants reiterate their cost-based objection to holding the trial in Florida and claim that "[t]ransportation [of witnesses and defendants] is far less expensive if the case were transferred to UT." (Doc. 158 at 5). The Court has already addressed Defendants' cost-based argument and rejected it due to the lack of specific evidentiary support.

---

[4] Plaintiff's claims of unfair billing practices, failure to disclose, and consumer injury are not state law causes of action, rather they are all grounded in the FTCA. <ins>See</ins> (Doc. 1 ¶¶ 26-32).

The parties have spent considerable time litigating this case in the Middle District of Florida, and now the case is in its final stages.  The parties have reached an impasse at mediation (Doc. 127), dispositive motions are being considered by the Court, and the case is set for trial during the October 2012 trial term (Doc. 97).  The Court has also expended considerable judicial resources to preside over this matter and has issued a preliminary injunction that remains pending against Defendants.

When viewed as a whole, the circumstances overwhelmingly support a denial of Defendants' transfer motion.  Accordingly, it is respectfully recommended that Defendants' motion (Doc. 158) be DENIED.

RESPECTFULLY RECOMMENDED at Orlando, Florida on August 7, 2012.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

    Presiding United States District Judge
    Counsel of Record