# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

-vs-                                              Case No.  6:11-cv-1186-Orl-28TBS

**DIRECT BENEFITS GROUP, LLC; VOICE NET GLOBAL, LLC; SOLID CORE SOLUTIONS, INC.; WKMS, INC.; KYLE WOOD; and MARK BERRY,**

        **Defendants.**

_____

## ORDER

This is an action brought by Plaintiff, the Federal Trade Commission ("Commission") against Defendants Direct Benefits Group, LLC, Voice Net Global, LLC, Solid Core Solutions, Inc., WKMS, Inc., Kyle Wood, and Mark Berry.  The parties have filed seven motions pertaining to the admissibility of evidence the parties intend to offer at trial.  These motions include: (1) Defendants' Motion to Preclude Use of Declarations in Lieu of Live Testimony of Complaining Consumers Pursuant to Federal Rule of Evidence 807 (Doc. 181);[1] (2) Defendants' Motion to Exclude Use of Better Business Bureau Complaints and Reports (Doc. 181);[2] (3) Defendants' Motion to Exclude Use of Formal Complaints Lodged

---

[1] The Commission filed a response in opposition to the motion (Doc. 192).

[2] The Commission filed a response in opposition to the motion (Doc. 192).

by State Entities Against Defendants (Doc. 181);[3] (4) Defendants' Motion to Exclude Declaration of Thomas Mayer (Doc. 181);[4] (5) Defendants' Motion to Preclude FTC Investigator Reeve Tyndall, or Any Other Investigator From Presenting Opinion or Expert Testimony (Doc. 180);[5] (6) Commission's Motion to Pre-Admit Consumer Complaints and Consumer Declarations Into Evidence Pursuant to Federal Rule of Evidence 807 (Doc. 184);[6] and Plaintiff's Motion to Strike Defendant's Affirmative Defenses as Insufficient and Irrelevant (Doc. 184).[7]

> *I. Whether declarations of consumers and complaints of consumers should be admitted pursuant to Federal Rule of Evidence 807.*

Defendants argue that the Commission's intended use of the declaration of consumers at trial is a violation of the prohibition against hearsay evidence. The Commission does not take issue with the categorization of the declarations as hearsay under Federal Rule of Evidence 806, but contends that they are nonetheless admissible pursuant to Federal Rule of Evidence 807 as an exception to the prohibition against hearsay. Rule 807 provides that certain hearsay statements may be admissible even though they do not otherwise qualify as exceptions to hearsay under Rules 803 or 804, provided:

---

[3] The Commission filed a response in opposition to the motion (Doc. 192).

[4] The Commission filed a response in opposition to the motion (Doc. 192).

[5] The Commission filed a response in opposition to the motion (Doc. 193).

[6] Defendants filed a response in opposition to the motion (Doc. 190).

[7] Defendants filed a response in opposition to the motion (Doc. 190).

      (1)    the statement has equivalent circumstantial guarantees of trustworthiness;
      (2)    it is offered as evidence of a material fact;
      (3)    it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
      (4)    admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807.

Notice of the Commissions' intent to rely on the declarations is not an issue; Defendants received notice pursuant to the requirements of Rule 807 on July 19, 2011. Defendants do not identify any aspect of the declarations as being untrue or unreliable, nor do they complain that they have been unable to speak with consumers about the contents of the declarations. In fact, Defendants' objection is only that they will not be able to cross examine the consumers about their declarations at trial.

The Commission emphasizes that the declarations merely corroborate the testimony of consumers who will testify at trial as well as the testimony of Defendants' office manager who was the person in charge of handling consumer complaints. In light of the estimated 25,000 complaints that were made regarding Defendants' practices, it is not reasonable to expect that the Commission would call all — or even a significant percentage — of the consumers who complained. Using the declarations will save expense and delay. Under the circumstances of this case, the declarations will be admitted to corroborate the testimony of witnesses who testify at trial. See FTC v. Kuykendall, 312 F.3d 1329, 1343 (10th Cir. 2002) (affirming trial court's determination that consumer complaints and declarations are admissible pursuant to Fed. R. Evid. 807), *vacated* on other grounds, 371 F.3d 745, 767 (10th Cir. 2007)(en banc).

The parties also dispute whether complaints filed by consumers with the Better Business Bureau and state agencies, and the Declaration of Thomas Mayer, President of Direct Benefits, Inc. — a business with a name similar to that of Defendant Direct Benefits Group, LLC who received complaints from consumers of Defendants — should be admitted in evidence under Rule 807.

As with the declarations discussed above, there is no issue as to notice. The question is whether the contents of the complaints are sufficiently reliable. Based on papers submitted by the parties, the complaints referred to in accompanying declarations were not made under oath. They were, however, made independently by unrelated consumers without solicitation. Defendants do not suggest any motive of consumers to have fabricated these complaints, nor is there any suggestion that the contents of the complaints were based on faulty perception. Furthermore, there is no argument advanced that the live testimony of these consumers given at trial would differ from the contents of their complaints. Accordingly, the complaints have circumstantial guarantees of reliability.

Defendants' Motions to Preclude Use of Declarations in Lieu of Live Testimony of Complaining Consumers, to Exclude Use of Better Business Bureau Complaints and Reports, to Exclude Use of Formal Complaints Lodged by State Entities Against Defendants, and to Exclude Declaration of Thomas Mayer (Doc. 181) are therefore **DENIED** and Plaintiff's Motion to Pre-Admit Consumer Complaints and Consumer Declarations Into Evidence Pursuant to Federal Rule of Evidence 807 (Doc. 184) is **GRANTED**.

> *II. Whether FTC Investigator Reeve Tyndall, or Any Other Investigator Should be Precluded From Presenting Opinion or Expert Testimony*

In response to Defendants' Motion to Preclude FTC Investigator Reeve Tyndall (Doc. 180) from offering expert testimony, the Commission asserts that Mr. Tyndall's testimony will not be expert opinion testimony as contemplated by Federal Rule of Evidence 702. Instead, the Commission states that Mr. Tyndall's testimony may include lay opinion admissible under Federal Rule of Evidence 701.

Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a)   rationally based on the witness's perception;
> (b)   helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c)   not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

At this point I cannot determine whether questions that might be asked at trial would be subject to the more stringent requirements of Rule 702. The Commission's suggested areas of inquiry contained in its response would not, however, require that Mr. Tyndall be qualified as an expert witness.

Defendants' Motion to Preclude FTC Investigator Reeve Tyndall, or Any Other Investigator From Presenting Opinion or Expert Testimony (Doc. 180) is therefore **DENIED**.

*III. Whether Defendants' Affirmative Defenses Should be Stricken as Insufficient and Irrelevant*

In response to the Complaint, Defendants raised three issues they identify as affirmative defenses — satisfied customers, independent causes, and advice of counsel. The Commission has filed a Motion to Strike Defendants' Affirmative Defenses as Insufficient and Irrelevant (Doc. 184). What the Commission seeks by its motion is an order limiting the

evidence that might be presented by Defendants at trial. Whether that evidence constitutes affirmative defenses is a question of law.

Defendants represent that they wish to offer evidence of satisfied customers for the limited purpose of establishing that their computer instructions were clear and that they did not engage in unfair conduct. They agree that evidence that some customers were satisfied does not result in a finding of no liability. The same is true with regard to their claim that there were independent causes for consumers' losses. Defendants simply wish to present evidence that the consumers' losses were due to the consumers' mistakes rather than wrongful conduct of Defendants. I do not reach the question of whether allegations of satisfied customers or independent causes constitute valid affirmative defenses. In either case, the evidence suggested by Defendants would be admissible. At trial, Defendants may offer evidence of satisfied customers and consumer error to counter the allegations of unfair conduct, and to that extent the Commission's Motion to Strike Affirmative Defenses is **DENIED**.

Unlike the other defenses described by Defendants, whether reliance on advice of counsel is a valid affirmative defense bears on the admissibility of evidence. Defendants argue that evidence of their reliance on advice of counsel is relevant in that such reliance renders it "impossible for the FTC to prove that Defendants had actual knowledge of material [mis]representations, reckless indifference to the truth or falsity of such [mis]representations, or an awareness of a high probability of fraud along with an intentional avoidance of the truth." (Doc. 190 at 13).

"[T]o be actionable under section 5, the misrepresentations or practices need not be made with an intent to deceive." F.T.C. v. Capital Choice Consumer Credit, Inc., Civil Action No. 02-21050 CIV, 2004 WL 5149998, at *34 (S.D. Fla. Feb. 20, 2004). Nonetheless, Defendants are correct that, generally, "to find an individual liable for restitution under section 13(b), the FTC must prove that the defendant knew or should have known that the conduct was dishonest or fraudulent." F.T.C. v. Amy Travel Serv., Inc., 875 F.2d 564, 573-74 (7th Cir. 1989); see also F.T.C. v. Gem Merch. Corp., 87 F.3d 466, 470 (11th Cir. 1996); F.T.C. v. Transnet Wireless Corp., 506 F. Supp. 2d. 1247, 1270 (S.D. Fla. 2007). Notwithstanding Defendants' arguments to the contrary, however, "'[r]eliance on advice of counsel [is] not a valid defense on the question of knowledge' required for individual liability." F.T.C. v. Cyberspace.com LLC, 453 F. 3d 1196, 1202 (9th Cir. 2006) (quoting Amy Travel Serv., Inc., 875 F.2d 564 at 575). "This is because counsel cannot sanction something that the defendant should have known was wrong." F.T.C. v. Commerce Planet, Inc., Civil Action No. 8:09-cv-01324-CJC(RNBx), 2012 WL 2930418, at *28 (C.D. Cal. June 22, 2012) (citing Amy Travel Serv., Inc., 875 F.2d at 575). Accordingly, the Commission's Motion to Strike Affirmative Defenses is **GRANTED** with respect to Defendants' reliance on the advice of counsel.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 14th day of November, 2012.

                                                                                 JOHN ANTOON II
                                                                                 United States District Judge

Copies furnished to:
Counsel of Record