UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                                   Case No.  6:11-cv-1186-Orl-28TBS

DIRECT BENEFITS GROUP, LLC; VOICE
NET GLOBAL, LLC; SOLID CORE
SOLUTIONS, INC.; WKMS, INC.; KYLE
WOOD; and MARK BERRY,

     Defendants.
_____

## REPORT AND RECOMMENDATION

     This case came on for consideration without oral argument on the Amended Motion for Allowance of Compensation and Reimbursement of Expenses to Holland & Knight LLP as Attorneys for Temporary Receiver Brian A. McDowell and Incorporated Memorandum of Law. (Doc. 224).  After due consideration, I recommend that the motion be granted.

### I. Background[1]

     On July 18, 2011, the Federal Trade Commission ("FTC") filed a complaint pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) ("Act") for injunctive and other equitable relief against Direct Benefits Group, LLC, Voice Net Global, LLC, Solid Core Solutions, Inc., and WKMS, Inc. (collectively, the "Receivership Defendants"), Kyle Wood, and Mark Berry.  The FTC alleged that the Receivership

_____

[1] Large sections of this part are taken almost verbatim from Magistrate Judge Gregory J. Kelly's Amended Order denying the First Motion for Allowance and Payment of Compensation and Reimbursement of Expenses to Temporary Receiver Brian A. McDowell without prejudice. (Doc. 106).

Defendants, who are controlled and operated by Wood and Berry, engaged in a common enterprise scheme to acquire consumers' bank account information when the consumers applied for payday loans online and then, without meaningful notice or assent by the consumers, enrolled them in Defendants' financial programs and debited their bank accounts for fees associated with those programs.  (Doc. 1 at 4-7; Doc. 15 at 2; Doc. 71 at 3).  The FTC alleged that this scheme violated the Act by employing unfair billing practices (Count I) and failing to disclose to consumers that their information would be used for billings unrelated to the payday loans (Count II).  (Doc. 1 at 8-9).  The FTC contended that consumers suffered and would continue to suffer substantial injury as a result of these violations.  (Doc. 1 at 9).  It requested a preliminary injunction, asset freeze, the appointment of a receiver, a permanent injunction, rescission or reformation, restitution, refund, disgorgement of ill-gotten monies, and costs.

On July 19, 2011, the Court entered an ex parte Temporary Restraining Order with Ancillary Relief ("TRO"), freezing Defendants' assets and appointing a temporary receiver ("Receiver") as the Court's agent to: assume full control of the Receivership Defendants; take exclusive custody, control, and possession of all assets and documents in the possession, custody or control of the Receivership Defendants; secure the business premises of the Receivership Defendants; conserve, hold, and manage all receivership assets; prevent the inequitable distribution of assets; administer the business of the Receivership Defendants; employ attorneys, accountants, appraisers, investigators, and others the Receiver deemed necessary for the performance of the Receiver's duties; collect money due or owing to the Receivership Defendants; open a bank account for the deposit

-2-

of all funds belonging to the Receivership Defendants; and maintain an accurate record of all receipts and expenditures made by the Receiver.  (Doc. 15 at 15-19).  The Court appointed Brian A. McDowell, Esq. of Holland & Knight, LLP ("H&K") as the Receiver. (Doc. 15 at 13).

On August 19, 2011, the Court entered its Order and Preliminary Injunction ("Preliminary Injunction").  (Doc. 71).  In doing so, the Court found good cause to believe the Defendants had engaged in acts and practices that violated the Act, and there was a substantial likelihood that the FTC would prevail on the merits.  (Doc. 71 at 3).  The Court also appointed the Receiver as the permanent receiver for the Receivership Defendants. (Doc. 71 at 4).

On December 16, 2011, the Receiver filed his First Motion for Allowance and Payment of Compensation and Reimbursement of Expenses to Holland & Knight LLP as Attorneys for Temporary Receiver Brian A. McDowell.  (Doc. 96).  He reported that immediately following his appointment, he hired H&K as his counsel, and he and two H&K lawyers traveled to Bluffdale, Utah, the principal place of the Receivership Defendants, to implement the TRO.  (Doc. 95 at 5).  The Receiver requested $63,696.00 in fees for work done by H&K based upon 227.7 hours of attorney time.  (Doc. 96 at 4).  He also requested reimbursement of $4,535.27 in expenses.  (Doc. 96 at 1-2).  In support of his motion, the Receiver provided resumes for all but one of the lawyers who represented him  (Doc. 96-1), a summary of the attorneys' expenses (Doc. 96-2), and detailed time records (Doc. 96-3). He did not attach any affidavits addressing the reasonableness of H&K's hourly rates, the hours expended, or the costs requested.  When the Receiver filed the motion, he had taken

control of $1,402,656.59 in cash assets belonging to the Receivership Defendants.  (Doc. 95 at 13).   In an earlier letter to the FTC, the Receiver stated that his hourly rate was $480.00 per hour, but he was "willing to act as receiver such that my rate and the combined rates of the [H&K] lawyers in the matter do not exceed $400.00 an hour."  (Doc. 11-1 at 4).

The Court denied the Receiver's motion without prejudice because he failed to provide the Court with evidence in the form of an affidavit or declaration establishing the reasonableness of H&K's hourly rates or the costs incurred.  (Doc. 106).  The Court found that the attorney resumes attached to the motion were insufficient standing alone to establish the reasonableness of the hourly rates requested or the costs and that H&K should provide the Court other cases where it had been awarded the same or similar hourly rates for similar work.  (Id.)  The Receiver's motion was also denied because while H&K was requesting compensation at its regular hourly rates for all time expended traveling to and from Salt Lake City plus the costs of the air fare, the motion failed to explain what work, if any, the lawyers actually performed while they were traveling.  (Id.)  The Court also stated that it needed detailed information demonstrating the reasonableness of the airfare including the flight class of each ticket.  (Id.)  Lastly, the Court required a better explanation of the reasonableness of the fees and costs in view of the amount requested in comparison to the total cash assets of the Receivership Defendants.  (Id.)

## II. The Amended Motion

The Receiver's amended motion addresses the issues raised by the Court when it denied the original motion.  The amended motion includes professional resumes for attorneys Samuel J. Zusmann, Suzanne E. Gilbert, Edward M. Fitzgerald, Alvin F. Benton,

Jr., Robert W. Davis, Jr.  (Doc. 224-1) and Brian P. Hanafin (Doc. 224-6).  The Receiver seeks payment for these attorneys as follows:

| Name | Bar Admission | Billing Rate | Hours Billed | Total |
| --- | --- | --- | --- | --- |
| S. Zusmann | 1953 | $525 | 37.5 | $19,687.50 |
| S. Gilbert | 1996 | $440 | 7.1 | $3,124.00 |
| E. Fitzgerald | 2004 | $250 | 60.9 | $15,225.00 |
| A. Benton | 2007 | $210 | 118.2 | $24,822.00 |
| R. Davis | 2010 | $215 | 2.5 | $537.50 |
| B. Hanafin | 2010 | $200 | 1.5 | $300.00 |
| Subtotal | | | 227 | $63,696.00 |

(Doc. 224 at 2).

This time was all expended during the period from July 18, 2011 through August 18, 2011.  (Id. at 1).  Dividing the total amount claimed by the number of hours expended results in a blended hourly rate of $279.74 per hour.  The total fees represent 0.0454 percent of the total cash assets taken from the control of the Receivership Defendants.

The Receiver also seeks reimbursement of the following expenses:

| | |
| --- | --- |
| Travel to Salt Lake City and Associated Costs | $4,096.98 |
| Local Travel | $53.00 |
| Online Research | $5.60 |
| Delivery Services/Messengers | $34.49 |
| Copying | $142.40 |
| Facsimile | $3.00 |

| | |
|---|---|
| Court Costs | $39.00 |
| Telephone | $4.80 |
| Meals | $156.00 |
| Subtotal | $4,535.27 |

(Doc. 224-2 at 2).

Both the professional fee and expense claims are supported by detailed records
(Doc. 224-3).  The Receiver has also submitted the declaration of Andrew M. Brumby in
support of this request.  (Doc. 224-4).  Brumby is a partner in the Orlando office of Shutts &
Bowen LLP who has practiced law in Florida since 1987.  (Id.)  In his opinion, after
considering the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d
714, 717-19 (5th Cir. 1974), both the fees and expenses claimed are reasonable and it is
customary for the client to reimburse counsel for the types of expenses claimed here.  (Id.)
The Receiver has also provided copies of the airline flight information showing that his
lawyers flew economy class, on non-refundable tickets, and stayed at a hotel which
charged $109.00 per room per night.  (Doc. 224-5).    One of the lawyers representing the
Receiver has certified that he conferred with the attorneys for Plaintiff and Defendants and
they do not oppose this motion.  (Doc. 224 at 16-17).

III. Standard of Review

The Court authorized the Receiver to employ lawyers necessary to aid in the
performance of his duties and those lawyers are entitled to compensation for the work they
did.  S.E.C. v. Elliott, 953 F.2d 1560, 1576-77 (11th Cir. 1992).  But, "[n]o receivership is
intended to generously reward court-appointed officers."  S.E.C. v. W.L. Moody & Co., 374

F. Supp. 465, 483 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975).  The Receiver's lawyers are also entitled to be reimbursed for the actual and necessary expenses they incurred while representing the Receiver.  Elliott, 953 F.2d at 1567 (citing bankruptcy cases).  A claim for receivership expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the receivership estate.  See generally In re Southeast Banking Corp., 314 B.R. 250, 271 (S.D. Fla. 2004).

Federal courts have adopted the lodestar method to determine the amount of attorney's fees to be awarded.  Schafler v. Fairway Park Condo. Ass'n, 147 Fed. Appx. 113, 114 (11th Cir. 2005) (per curiam).  The lodestar is calculated by multiplying the number of hours reasonably expended by a professional by the reasonable hourly rate for the services provided by that person.  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate" to determine the lodestar amount.  Loranger, 10 F.3d at 781.  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  The Court must exclude from its calculation, "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Norman, 836 F.2d at 1299.  "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no

precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach,

254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).  The Court is "an

expert on the question [of attorneys' fees] and may consider its own knowledge and

experience concerning reasonable and proper fees and may form an independent judgment

either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting

Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

IV. Analysis

After considering the complexity of this matter, the experience of the attorneys, the

location of their practice, the uncontradicted expert opinion testimony and the Court's

knowledge of market rates in Central Florida, I find that the requested hourly rates are

reasonable and recommend that they be approved.

In its earlier Order, the Court expressed concern about the the time counsel billed to

travel to and from Utah.  On this point, I agree with the decision in In re Frontier Airlines,

Inc. that:

> As to travel time, the question is not whether the time spent traveling
> was nonproductive, but rather whether the travel time was
> reasonable and necessary.  If the trip was necessary, then the time
> spent making the trip was a part of the total performance of the
> professional services which were rendered.

74 B.R. 973, 979 (Bankr. D. Colo. 1987).

Here, it was appropriate for the Receiver and his lawyers to travel to the

Receivership Defendants' principal place of business in Bluffdale, Utah to implement the

TRO.  Now, I recommend approval of all the hours expended by counsel for the Receiver

as having been reasonably expended on this case.  I also find the expenses claimed to be

-8-

reasonable and necessary and I recommend they be approved.

Lastly, the total amount claimed by counsel for the Receiver, when considered as a percentage of the total Receivership funds, is not unreasonable.  (Doc. 106 at 8-9). Payment is also warranted because a major focus of this action has been "to protect the public from further unfairness and deception . . ." (Doc. 4 at 7).  This goal appears to have been accomplished during the period for which these fees and expenses are claimed.

### III.  Recommendation

For these reasons it is respectfully recommended that the Court find that:

(1)  counsel for the Receiver reasonably expended 227.7 hours on this matter between July 18, 2011 and August 18, 2011;

(2)  the hourly rates charged are reasonable;

(3)  H&K be awarded $63,696.00 in attorneys' fees;

(4)  the expenses claimed are reasonable;

(5)  the Court approve $4,532.27 in expenses; and

(6)  award H&K the total sum of $68,231.27 ($63,696.00 + $4,532.27), to be paid from receivership assets.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

In Chambers in Orlando, Florida, on May 9, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Presiding United States District Judge
Counsel of Record