UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                             Case No. 6:11-cv-1186-Orl-28TBS

DIRECT BENEFITS GROUP, LLC; VOICE
NET GLOBAL, LLC; SOLID CORE
SOLUTIONS, INC.; WKMS, INC.; KYLE
WOOD; and MARK BERRY,

    Defendants.

## REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT**

    This case came on for consideration without oral argument on the Amended Motion for Allowance and Payment of Compensation and Reimbursement of Expenses to Temporary Receiver Brian A. McDowell (Doc. 223) and the supplement to the motion regarding Conference and Certification, pursuant to Local Rule 3.01(g) (Doc. 227). After due consideration, I **recommend** that the motion be **granted**.

### I. Background

    On July 18, 2011, the Federal Trade Commission ("FTC") filed a complaint pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) ("Act") for injunctive and other equitable relief against Kyle Wood, Mark Berry, and a group of entities

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

known collectively as the "Receivership Defendants," which include: Direct Benefits Group, LLC; Voice Net Global, LLC; Solid Core Solutions, Inc.; and WKMS, Inc. (Doc. 1).

The FTC alleged that the Receivership Defendants, who are controlled and operated by Wood and Berry, engaged in a common enterprise scheme to acquire consumers' bank account information when the consumers applied for payday loans online and then, without meaningful notice or assent by the consumers, enrolled the consumers in Defendants' financial programs and debited the consumers' bank accounts for fees associated with those programs. (Doc. 1 at 4-7; Doc. 15 at 2; Doc. 71 at 3). The FTC alleged that this scheme violated the Act by employing unfair billing practices (Count I) and failing to disclose to consumers that their information would be used for billings unrelated to the payday loans (Count II). (Doc. 1 at 8-9). The FTC requested a preliminary injunction, asset freeze, the appointment of a receiver, a permanent injunction, rescission or reformation, restitution, refund, disgorgement of ill-gotten monies, and costs. (Id. at 9).

On July 19, 2011, the Court entered an ex parte Temporary Restraining Order with Ancillary Relief (the "TRO"), froze Defendants' assets and appointed a temporary receiver ("Receiver") as the Court's agent to: assume full control of the Receivership Defendants; take exclusive custody, control, and possession of all assets and documents in the possession, custody or control of the Receivership Defendants; secure the business premises of the Receivership Defendants; conserve, hold, and manage all receivership assets; prevent the inequitable distribution of assets; administer the business of the Receivership Defendants; employ attorneys, accountants, appraisers, investigators, and others the Receiver deemed necessary for the performance of the Receiver's duties; collect

money due or owing to the Receivership Defendants; open a bank account for the deposit of all funds belonging to the Receivership Defendants; and maintain an accurate record of all receipts and expenditures made by the Receiver.  (Doc. 15 at 15-19).  The Court appointed Brian McDowell, Esq. of Holland & Knight, LLP ("H&K") as the Receiver.  (Id. at 13).

On August 19, 2011, the Court entered its Order and Preliminary Injunction ("Preliminary Injunction").  (Doc. 71).  In doing so, the Court found good cause to believe Defendants had engaged in acts and practices that violated the Act, and there was a substantial likelihood that the FTC would prevail on the merits.  (Id. at 3).  The Court also appointed the Receiver as the permanent receiver for the Receivership Defendants.  (Id. at 4).

On December 16, 2011, the Receiver filed his First Motion for Allowance and Payment of Compensation and Reimbursement of Expenses to [Receiver] Brian McDowell.  (Doc. 95).  The Court denied the motion without prejudice (Doc. 106), and the Receiver amended his motion to address the Court's concerns (Doc. 223).  The amended motion was denied without prejudice because it did not comply with M.D. FLA. R. 3.01(g).  (Doc. 226).  The Receiver filed a supplement to correct his deficient Rule 3.01(g) certificate.  (Doc. 227).  The supplement referred to a motion that had already been denied.  Because the Receiver did not file a new motion, his application did not appear on the docket as a pending matter.

On August 12, 2013, the Court entered its Final Judgment and Order for Permanent Injunction and Other Equitable Relief.  (Doc. 235).  In the Final Judgment the Court provided for the continuation of the Receiver and the and receivership estate.  (Id. at 12-14).  It also found that the Receiver is entitled to reasonable compensation and it authorized the

Receiver to apply for compensation. (Id. at 14-15). The Receiver is required to complete all of his duties on or before December 10, 2013. (Id. at 15-16). The Receiver has 15 days from the submission of his final report within which to make anapplication for payment. (Id. at 15). The Court expressly retained jurisdiction for purposes of construing, modifying and enforcing its Final Judgment. (Id. at 23).

After final judgment was entered, it came to the Court's attention that the Receiver was seeking compensation and reimbursement of expenses based upon his supplement to the previously denied motion. The Court determined to construe the Receiver's supplement as a motion which it referred to me for a report and recommendation.

The Receiver is requesting $48,702.82, which is comprised of $46,368.00 in fees and $2,334.82 in expenses. (Doc. 223). He represents that he has consulted Defendants' counsel and their position is that there was no need for a receiver but the amount sought is not excessive and is consistent with billing standards in the Middle District of Florida. (Doc. 227 at 2). The Receiver's motion is supported by his professional biography, a summary of his professional time expended, a summary of expenses, detailed time records, and the declaration of attorney Andrew M. Brumby who has opined to the reasonableness of the Receiver's professional fees and expenses. (Doc. 223-1, Doc. 223-2, Doc. 223-3, Doc. 223-4).

Reimbursement is sought for time expended from July 18, 2011 through August 18, 2011. (Doc. 223 at 1). The Receiver seeks compensation for 96.60 hours of time at the rate of $480.00 per hour. (Id. at 2). When he was engaged, the Receiver stated that his hourly rate was $480.00 per hour, but that he was "willing to act as receiver such that my rate and

the combined rates of the [H&K] lawyers in the matter do not exceed $400.00 an hour." (Doc. 11-1 at 4). The Receiver represents that the blended rate for his services and the H&K lawyers he has employed is $360.57. (Doc. 223 at 21).

The Receiver also seeks reimbursement of the following expenses:

| | |
|---|---|
| Travel to Salt Lake City | $2,108.54 |
| Meals | $147.32 |
| Locksmith Fees | $78.00 |
| Telephone | $0.96 |

(Doc. 223-2 at 2).

Both the Receiver's fee and expense claims are supported by detailed records (Doc. 223-3). He has also provided copies of the airline flight information showing that he flew economy class, on non-refundable tickets, and stayed at a hotel which charged $109.00 per room per night. (Doc. 223-5).

Mr. Brumby is a partner in the Orlando office of Shutts & Bowen LLP who has practiced law in Florida since 1987. (Doc. 223-4). In his opinion, after considering the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), both the fees and expenses claimed are reasonable. (Id.). Mr. Brumby also states that it is customary for the client to reimburse counsel for the types of expenses claimed here. (Id.).

This case was not a debt recovery action in which the Receiver's compensation is based on a percent of recovered amounts. (Doc. 223 at 10). If it was such a case, the amount of compensation requested by the Receiver would be approximately 3.30 percent.

(Id.).

## II. Standard of Review

The Court appointed the Receiver and has found that he is entitled to be compensated for services rendered. But, "[n]o receivership is intended to generously reward court-appointed officers." S.E.C. v. W.L. Moody & Co., 374 F. Supp. 465, 483 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975). The Receiver is also entitled to be reimbursed for the actual and necessary expenses he incurred in the performance of his responsibilities. S.E.C. v. Elliott, 953 F.2d 1560, 1567 (11th Cir. 1992) (citing bankruptcy cases). A claim for receivership expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the receivership estate. See generally In re Southeast Banking Corp., 314 B.R. 250, 271 (S.D. Fla. 2004).

Federal courts have adopted the lodestar method to determine the amount of attorney's fees to be awarded. Schafler v. Fairway Park Condominium Ass'n, 147 Fed. Appx. 113, 114 (11th Cir. 2005) (per curiam). The lodestar is calculated by multiplying the number of hours reasonably expended by a professional by the reasonable hourly rate for the services provided by that person. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate" to determine the lodestar amount. Id. at 781. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The Court

must exclude from its calculation, "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhard, 461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Norman, 836 F.2d at 1300. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

### III. Analysis

The Court retained jurisdiction in its Final Judgment to consider the Receiver's application for compensation and the reimbursement of expenses.

After considering the complexity of this matter, the experience of the Receiver, the location of his law practice, the uncontradicted expert opinion testimony and the Court's knowledge of market rates in Central Florida, I find that the Receiver's $480 hourly rate is reasonable for the work performed and recommend that it be approved. I also recommend approval of the hours expended by the Receiver as having been reasonably expended on this case. This includes the time billed to travel to and from Utah. On this point, I agree with the court in In re Frontier Airlines, Inc., 74 B.R. 973, 979 (Bankr. D. Colo. 1987):

> As to travel time, the question is not whether the time spent traveling was nonproductive, but rather whether the travel time was

> reasonable and necessary. If the trip was necessary, then the time spent making the trip was a part of the total performance of the professional services which were rendered.

It was appropriate for the Receiver to travel to the Receivership Defendants' principal place of business in Bluffdale, Utah to implement the TRO. The cost of that travel, and the other expenses claimed are all reasonable and I recommend they be approved.

Lastly, the total amount claimed, when considered as a percentage of the total Receivership funds, is not per se unreasonable. See (Doc. 106 at 8-9). A major focus of this action has been "to protect the public from further unfairness and deception . . ." (Doc. 4 at 7). That appears to have been accomplished during the period covered by the Receiver's application for fees and expenses.

### IV.  Recommendation

Now, it is respectfully **recommended** that the Court find that the Receiver reasonably expended 96.60 hours on this matter between July 18, 2011 and August 18, 2011; that the Receiver's hourly rate is reasonable; and that the Receiver be awarded $46,368.00 in professional fees. I also recommend the Court approve the $2,334.82 in expenses and award the Receiver the total sum of $48,702.82, to be paid from receivership assets.

In Chambers in Orlando, Florida, on September 9, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies provided to:
    Presiding United States District Judge
    Counsel of Record
    Receiver

-9-