UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                                    Case No:  6:11-cv-1186-Orl-28TBS

DIRECT BENEFITS GROUP, LLC,
VOICE NET GLOBAL, LLC, SOLID
CORE SOLUTIONS, INC., WKMS, INC.,
KYLE WOOD and MARK BERRY,

     Defendants.

_____

### REPORT AND RECOMMENDATION[1]

     Pending before the Court are Receiver Brian A. McDowell's Second Motion for

Allowance and Payment of Compensation and Expenses (Doc. 240) and Second Motion

for Allowance and Payment of Expenses to Holland & Knight LLP ("H&K") as Attorneys

for Receiver (Doc. 241).  Upon due consideration I respectfully recommend that the

motions be **GRANTED**.

### Background

     On July 18, 2011, the Federal Trade Commission ("FTC") filed a complaint

pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) ("Act")

for injunctive and other equitable relief against Kyle Wood, Mark Berry, and a group of

entities known collectively as the "Receivership Defendants," which include: Direct

Benefits Group, LLC; Voice Net Global, LLC; Solid Core Solutions, Inc.; and WKMS, Inc.

(Doc. 1).

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

The FTC alleged that the Receivership Defendants, who were controlled and operated by Wood and Berry, engaged in a common enterprise scheme to acquire consumers' bank account information when the consumers applied for payday loans online and then, without meaningful notice or assent by the consumers, enrolled the consumers in Defendants' financial programs and debited the consumers' bank accounts for fees associated with those programs.  (Doc. 1 at 4-7; Doc. 15 at 2; Doc. 71 at 3).  The FTC alleged that this scheme violated the Act by employing unfair billing practices (Count I) and failing to disclose to consumers that their information would be used for billings unrelated to the payday loans (Count II).  (Doc. 1 at 8-9).  The FTC requested a preliminary injunction, asset freeze, the appointment of a receiver, a permanent injunction, rescission or reformation, restitution, refund, disgorgement of ill-gotten monies, and costs.  (Id. at 9).

On July 19, 2011, the Court entered an ex parte Temporary Restraining Order with Ancillary Relief (the "TRO"), froze Defendants' assets and appointed Brian McDowell of H&K  temporary receiver ("Receiver") as the Court's agent to: assume full control of the Receivership Defendants; take exclusive custody, control, and possession of all assets and documents in the possession, custody or control of the Receivership Defendants; secure the business premises of the Receivership Defendants; conserve, hold, and manage all receivership assets; prevent the inequitable distribution of assets; administer the business of the Receivership Defendants; employ attorneys, accountants, appraisers, investigators, and others the Receiver deemed necessary for the performance of the Receiver's duties; collect money due or owing to the Receivership Defendants; open a bank account for the deposit of all funds belonging to the Receivership Defendants; and

maintain an accurate record of all receipts and expenditures made by the Receiver. (Doc. 15 at 13, 15-19).

On August 19, 2011, the Court entered its Order and Preliminary Injunction ("Preliminary Injunction").  (Doc. 71).  In doing so, the Court found good cause to believe Defendants had engaged in acts and practices that violated the Act, and there was a substantial likelihood that the FTC would prevail on the merits.  (Id. at 3).  The Court also appointed the Receiver as the permanent receiver for the Receivership Defendants.  (Id. at 4)

On August 12, 2013, the Court entered its Final Judgment and Order for Permanent Injunction and Other Equitable Relief.  (Doc. 235).  In the Final Judgment the Court provided for the continuation of the Receiver and the and receivership estate.  (Id. at 12-14).  It also found that the Receiver is entitled to reasonable compensation and it authorized him to apply for compensation.  (Id. at 14-15).  The Receiver is required to complete all of his duties on or before December 10, 2013.  (Id. at 15-16).  The Receiver has 15 days from the submission of his final report within which to make an application for payment.  (Id. at 15).  The Court expressly retained jurisdiction for purposes of construing, modifying and enforcing its Final Judgment.  (Id. at 23).

After final judgment was entered, it came to the Court's attention that the Receiver was seeking compensation and reimbursement of expenses based upon his supplement to the previously denied motion.  The Court determined to construe the Receiver's supplement as a motion which it referred to me for a report and recommendation.  I recommended that the Court grant the requested relief (Doc. 238), and, on September 27, the Court adopted my Report and Recommendations (Doc 239).

### Fees and Expenses Sought

On November 15, 2013, the Receiver filed the two pending motions, which seek recovery of fees incurred between August 19, 2011 and September 30, 2013.  (Doc. 240, p. 1; Doc. 241, p. 1).  Both motions contain the required Rule 3.01(g) certification, and neither Plaintiff nor Defendant objects to the relief requested in the motions.

For his own work, the Receiver seeks compensation for 229.2 hours billed at $400 per hour, for a total of $91,680.00 in fees.[2]  (Doc. 223, p. 2).  The receiver seeks payment for the work of its attorneys as follows:

| Name | Bar Admission | Billing Rate | Hours Billed | Amount Billed |
|------|---------------|--------------|--------------|---------------|
| Samuel J. Zusmann | 1953 | $400.00 | 81.8 | $32,720.00 |
| Suzanne E. Gilbert | 1996 | $400.00 | 1.6 | $640.00 |
| Edward M. Fitzgerald | 2004 | $250.00 | 91.1 | $22,775.00 |
| Alvin F. Benton, Jr. | 2007 | $210.00 | 246.9 | $51,849.00 |
| Christine Cronin | Paralegal | $175.00 | 0.4 | $70.00 |
| Subtotal | | | 421.8 | $108,054.00 |

(Doc. 241-1, p. 2).  When he was engaged, the Receiver stated that his hourly rate was $480.00 per hour, but that he was "willing to act as receiver such that my rate and the combined rates of the [H&K] lawyers in the matter do not exceed $400.00 an hour."  (Doc. 11-1 at 4).  Dividing the total fees requested ($199,734.00) by the total number of hours (651.0) yields a blended rate of $306.81.  (Doc. 240, p. 14; Doc. 241, p. 13).

In addition, the Receiver seeks to recover $352.67 in expenses, comprising $29.67 for delivery services and $323.00 for transcripts.  (Doc. 240-2, p. 2).  The Receiver also seeks to recover the following expenses incurred by H&K:

---

[2] This represents a reduction from the $480 per hour the Court previously found reasonable.  The Receiver indicates that he decreased the hourly rate sought in the second motion at the behest of Plaintiff's counsel so that Plaintiff would not object to the motion.  (Doc. 240, p. 15).  For the same reason, the lawyers at H&K have reduced their hourly rates to $400 per hour.  (Doc. 241, pp. 13-14).

| Expense item | Total |
|---|---|
| Copying | $851.20 |
| Telephone | $71.68 |
| Out of State Travel | $1,909.11 |
| Postage | $29.92 |
| Delivery Services | $514.79 |
| Process Servers | $300.00 |
| Storage Supplies | $7.47 |
| Online Research | $518.91 |
| Document Reproduction by CPA | $175.00 |
| **Subtotal** | **$4,378.08** |

(Doc. 241.2, p. 2).

The motions are supported by a professional biography for each individual for whom movants seek fees (except for the paralegal), a summary of professional time expended, a summary of expenses, detailed time records, and the declaration of attorney Andrew M. Brumby who has opined to the reasonableness of the fees and expenses. (Docs. 240-1, 240-2, 240-3, 240-4, 241-1, 241-2, 241-3, 241-4).  Mr. Brumby is a partner in the Orlando office of Shutts & Bowen LLP who has practiced law in Florida since 1987. (Doc. 240-4, p. 1; Doc. 241-4, p. 1)  In his opinion, after considering the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), both the fees and expenses claimed are reasonable.  (Doc. 240-4, p. 3; Doc. 241-4, p. 3)  He also states that it is customary for the client to reimburse counsel for the types of expenses claimed here.  (Doc. 240-4, p. 6-7; Doc. 241-4, pp. 6-7).

### Standard of Review

The Court appointed the Receiver and authorized him to employ lawyers necessary to aid in the performance of his duties, and both the Receiver and the lawyers

are entitled to compensation for the work they performed.  SEC v. Elliott, 953 F.2d 1560, 1576-77 (11th Cir. 1992).  But, "[n]o receivership is intended to generously reward court-appointed officers."  SEC v. W.L. Moody & Co., 374 F. Supp. 465, 483 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975).  The Receiver and his lawyers are also entitled to be reimbursed for the actual and necessary expenses they incurred in the performance of their duties.  Elliott, 953 F.2d at 1567 (citing bankruptcy cases).  A claim for receivership expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the receivership estate.  See generally In re Southeast Banking Corp., 314 B.R. 250, 271 (S.D. Fla. 2004).

Federal courts have adopted the lodestar method to determine the amount of attorney's fees to be awarded.  Schafler v. Fairway Park Condominium Ass'n, 147 Fed. Appx. 113, 114 (11th Cir. 2005) (per curiam).  The lodestar is calculated by multiplying the number of hours reasonably expended by a professional by the reasonable hourly rate for the services provided by that person.  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate" to determine the lodestar amount.  Id. at 781.  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  The Court must exclude from its calculation, "excessive, redundant or otherwise unnecessary" hours.  Hensley v. Eckerhard, 461 U.S. 424, 434 (1983).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Norman, 836 F.2d at 1300.  "Ultimately, the computation of a fee award is necessarily an exercise of judgment,

because '[t]here is no precise rule or formula for making these determinations.'" <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting <u>Hensley</u>, 461 U.S. at 436).  The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  <u>Norman</u>, 836 F.2d at 1303 (quoting <u>Campbell v. Green</u>, 112 F.2d 143, 144 (5th Cir. 1940)).

Discussion

The Court retained jurisdiction in its final judgment to consider the Receiver's application for compensation and the reimbursement of expenses.

After considering the complexity of this matter, the experience of the Receiver, the location of his law practice, the uncontradicted expert opinion of Mr. Brumby and the Court's knowledge of market rates in Central Florida, I find that the hourly rates of $400 for the Receiver, Mr. Zusmann, and Ms. Gilbert; $250 for Mr. Fitzgerald; $210 for Mr. Benton; and $175 for Ms. Cronin $175 are reasonable for the work performed and recommend that these rates be approved.  I also recommend approval of the hours expended by the Receiver and H&K as having been reasonably expended on this case, including the time billed to travel to and from Utah and Wyoming.  <u>See</u> <u>In re Frontier Airlines, Inc.</u>, 74 B.R. 973, 979 (Bankr. D. Colo. 1987); Doc. 238, pp. 7-8; Doc. 225, p. 8.

Lastly, the total amount claimed, when considered as a percentage of the total Receivership funds, is not per se unreasonable.  See (Doc. 106 at 8-9).  This case was not a debt recovery action where the Receiver's compensation is based on a percentage of recovered amounts, and the rationale for limiting fees in such cases does not apply. (Doc. 223, p. 10); <u>see also</u> <u>SEC v. W.L. Moody & Co.</u>, 374 F. Supp. 465, 483 (S.D. Tex. 1974).  The $199,734.00 requested in these motions, together with the $110,064 in fees

previously awarded (total: $309,798) amounts to 21.7% of total Receivership assets.

Other courts have allowed fees of up to 38% of receivership assets in federal statutory

actions.  See Gaskill v. Gordon, 942 F. Supp 382, 388 (N.D. Ill. 1996), aff'd 160 F.3d 361

(7th Cir. 1998).  Finally, the prosecuting agency's acquiescence to the requested fees

militates strongly in favor of approving them.  See SEC v. Byers, 590 F. Supp. 2d 637,

644 (S.D.N.Y. 2008); SEC v. Fifth Ave. Coach Lines, Inc., 364 F. Supp. 1220, 1222

(S.D.N.Y. 1973).

Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that:

1.    Receiver Brian A. McDowell's Second Motion for Allowance and Payment of
      Compensation and Expenses (Doc. 240), and Second Motion for Allowance
      and Payment of Expenses to Holland & Knight LLP as Attorneys for
      Receiver (Doc. 241) be **GRANTED**.

2.    The Court award the Receiver **the total sum of $92,032.67**, comprising
      $91,680.00 in fees and $352.67 in expenses, to be paid from receivership
      assets.

3.    The Court award H&K **the total sum of $112,432.08**, comprising
      $108,054.00 in fees and $4,378.08 in expenses, to be paid from
      receivership assets.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 18, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties